IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALD MILAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:05-0999 |
| ) | Judge Trauger |
| CITY OF CLARKSVILLE, ) | |
| AGENT DONNIE ROBBINS, LON CHANEY, ) | |
| RAY MACIAS, SPECIAL AGENT ROBB ) | |
| ROWLETT, and JOHN DOE (Unknown ) | |
| Clarksville Police Officer), ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

On October 26, 2006, the defendants filed a Motion for Summary Judgment. (Docket No. 22) On November 12, 2006, the plaintiff filed a Motion for Extension of Time to File a Response (Docket No. 32), which was granted and which extended the response deadline for the plaintiff to December 15, 2006 (Docket No. 33). As of the entry of this Order, the plaintiff has failed to respond to the Motion for Summary Judgment. The court will not grant the motion solely because the plaintiff has failed to respond but will instead examine the defendants' filings to ensure that the defendants have established their entitlement to summary judgment in this case. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998).

Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file,

1

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P 56(c)*. To prevail, the moving party must meet the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the court must view the factual evidence and draw reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L. Ed 2d 538, 106 S. Ct. 1348 (1986); *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "The court's function is not to weigh the evidence and determine the truth of the matters asserted, 'but to determine whether there is a genuine issue for trial.'" *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)). If the nonmoving party, however, fails to make a sufficient showing on an essential element of the case with respect to which the nonmoving party has the burden, the moving party is entitled to summary judgment as a matter of law. *See Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999).

To preclude summary judgment, the nonmoving party "is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *Gaines v. Runyon*, 107 F.3d 1171, 1174-75 (6th Cir. 1997). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Shah v. Racetrac*

*Petroleum Co*., 338 F.3d 557, 566 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). The nonmoving party must show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. To determine whether the nonmoving party has raised a genuine issue of material fact, the evidence of the nonmoving party is to be believed and all justifiable inferences drawn in his favor. *Id*. at 255.

The court should also consider whether the evidence presents "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co*., 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52). "There is no genuine issue for trial unless the nonmoving party has produced enough evidence for a jury to be able to return a verdict for that party." *Tinsley v. General Motors Corp*., 277 F.3d 700, 703 (6th Cir. 2000). If the evidence offered by the nonmoving party is "merely colorable," or "is not significantly probative," or enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. *Anderson*, 477 U.S. at 249-52. "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Hill v. White*, 190 F.3d 427, 430 (6th Cir. 1999) (citations omitted).

## Analysis

In addition to failing to file a response to the defendants' summary judgment motion, the plaintiff has failed to respond to the defendants' Statement of Undisputed Material Facts (Docket No. 23). Failure to respond to a summary judgment movant's statement of material facts "shall indicate that the asserted facts are not disputed for purposes of summary judgment." Local Rule

3

56.01(g). Therefore, taking these facts as admitted and having reviewed the motion in detail, the court finds that the defendants have established their entitlement to summary judgment on all claims.

For the reasons expressed herein, it is hereby **ORDERED** that the defendants' Motion for Summary Judgment (Docket No. 22) is **GRANTED**, and this case is **DISMISSED**.

It is so **ORDERED**.

ENTER this 20th day of December 2006.

_____
ALETA A. TRAUGER
U.S. District Judge

4